## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ITSEKIRI NATIONAL ASSOCIATION OF THE WASHINGTON – BALTIMORE CONSOLIDATED METROPOLITAN STATISTICAL AREA INCORPORATED<br>P. O. BOX 11443<br>WASHINGTON, DC 20008<br><br>And<br><br>BIBIANA ANYANWU<br>16 Granny Smith Court<br>Baltimore, Maryland 21220<br><br>Defendants,<br><br>v.<br><br>UGBAJO ITSEKIRI USA INC.<br>P. O. BOX 11465<br>WASHINGTON D.C. 20008<br>    C/O RESIDENT AGENT<br>    BAWAO AYOMIKE<br>    3202 19TH Street N.W.<br>    Washington, DC 20010<br><br>And<br><br>FABIAN ORTSEBEMINGHO IWERE<br>P.O. BOX 11465<br>WASHINGTON, DC 20010<br><br>And<br><br>ELLIS TOJU BUWA<br>P. O. BOX 11465<br>WASHINGTON, DC 20010<br><br>Defendants. | CASE NO: 16-17777<br><br>COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF<br><br>TEMPORARY RESTRAINING ORDER SOUGHT |

**EXPEDITED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEFS**

COME NOW the Plaintiffs, Itsekiri National Association of the Washington – Baltimore Consolidated Metropolitan Statistical Area ("CMSA") and Bibiana Anyanwu, the President of CMSA by and through their undersigned counsel, to file their Complaint seeking Declaratory and Injunctive Relief against Defendants Ugbajo Itsekiri USA Inc., Fabian Iwere, the President Ugbajo Itsekiri USA Inc., and Ellis Toju Buwa, the Secretary Ugbajo Itsekiri USA Inc., state as follows:

## INTRODUCTION

1. CMSA and Bibiana Anyanwu seek an injunction and declaratory relief to stop Defendants from violating Article XIV (3) of the Ugbajo Itsekiri USA Inc.'s Constitution in attempting to amend the Ugbajo Itsekiri USA Inc.'s Constitution without a 2/3 majority vote. A copy of the constitution attached here as **EXHIBIT 1**.

2. The gravamen of the Plaintiffs' protestation is the violation of Article XIV of the Ugbajo Itsekiri USA Incorporated Constitution by the Defendants. The quintessential portion of Article XIV is that any amendment of the Ugbajo Itsekiri USA Inc.'s Constitution must be through the instrumentality of the invocation of the substratum of 2/3 majority votes. Specifically, the Ugbajo Itsekiri USA Inc.'s Constitution provides in the very relevant Article XIV (3) thus: "The proposal to amend the constitution shall be accepted if adopted by a majority of two thirds of the delegates at the National Convention."

3. The Plaintiffs have labored time and time again to channel across to the Defendants the impropriety, wrongfulness, lawlessness and arbitrariness of the Defendant's decision via conduct to abrogate, repeal and or dis-establish Article XIV (3) of the Ugbajo Itsekiri USA Inc.'s Constitution in attempting to amend the Ugbajo Itsekiri USA Inc.'s Constitution without a 2/3 majority vote.

4. The chief aim and or purpose of Defendant Ugbajo Itsekiri USA, Inc. is to foster the common interest of Itsekiri people of Nigeria residing in the United States of America and dedicated to the promotion of Itsekiri's unity, progress and strength, and to the protection and support of Itsekiri culture, custom and heritage.

5. The Defendant Ugbajo Itsekiri USA, Inc. is presently made up of 10 constituent regional associations branch chapters, in which Defendant CMSA is one of them.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1361. Jurisdiction to award injunctive relief is provided by 28 U.S.C. § 1443 and Rule 65, Fed. R. Civ. P. Jurisdiction to issue a declaratory judgment is provided by 28 U.S.C. § 2201.

7. Venue is proper in this Court under 28U.S.C. § 1391(e).

## PARTIES

8. Defendant CMSA is incorporated in the District of Columbia, with principal business address in the District of Columbia and a branch chapter regional association of Ugbajo Itsekiri USA Inc.

9. Plaintiff Bibian Anyanwu is a Maryland resident and the President of CMSA.

10. The Defendant Ugbajo Itsekiri USA, Inc. is incorporated in Washington, D.C., with principal business address in Washington, D.C.

11. The Defendant Ugbajo Itsekiri USA Inc. is the umbrella body of all Itsekiris in the United States, in which Defendant CMSA is one of the branches of the organization.

12. The Defendant Fabian Iwere is the President of Defendant Ugbajo Itsekiri USA, Inc. Defendant Iwere's current residential address is unknown at this time.

13. The Defendant, Ellis Toju Buwa is the Secretary of Defendant Ugbajo Itsekiri USA, Inc. Defendant Buwa's current residential address is unknown at this time.

## STANDING

14. Plaintiff CMSA has Article III standing as an organization to bring suit on behalf of its members.  *See* Plaintiff Bibian Anyanwu's affidavit in support of motion for temporary restraining order attached here as Exhibit 2.  *See* also *Friends of the Earth v. Laidlaw Envtl. Servs. Inc.,* 528 U.S. 167, 181 (2000); *Summers v. Earth Island Inst.,* 555 U.S. 488, 498 (2009).

15. Plaintiff Bibian Anyanwu as President of Plaintiff CMSA has Article III standing to bring suit as she has a personal stake in the outcome of the action.  *See* Plaintiff Bibian Anyanwu's affidavit in support of motion for temporary restraining order attached here as Exhibit 2.  *See* also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

## STATEMENT OF FACTS

UNLAWFUL AND ILLEGAL AMENDMENT TO THE CONSTITUTION
OF UGBAJO ITSEKIRI USA INC.

16. The dispute which is the subject matter of this Complaint relates to the violation of the Constitution of Ugbajo Itsekiri USA Inc.

17. The Constitution of the of the Defendant Ugbajo Itsekiri USA, Inc. was adopted in 1999.

18. The attempted constitution change relates to Article V1. ELECTIONS under the Constitution of Ugbajo Itsekiri USA, Inc.

19. The dispute generates specifically from the attempt by the Defendants to weaken the voting power of the Plaintiffs who enjoy numerical strength advantage under the present

status quo of one vote per family pursuant to the relevant portion of the Ugbajo Itsekiri USA, Inc. Constitution.

20. The Defendants seek to amend the Ugbajo Itsekiri Itsekiri USA, Inc. Constitution to give them an advantage in the forth coming election for National Officials for the positions of President; Vice President: Secretary; Assistant Secretary: Treasurer: Financial Secretary: Publicity Secretary at the 2016 Ugbajo Itsekiri USA, Inc. Convention commencing on September 2, 2016.

21. The status quo is that each member family had a delegate. So each regional association total number of delegates was equal to the number of the family membership of the respective regional association.

22. The fee for each member family was the amount of $10 monthly, to be remitted to the national association, Ugbajo Itsekiri USA, Inc.

23. In 2014, Oma Itsekiri Colorado, a regional association of Ugbajo Itsekiri USA, Inc., submitted a proposal to amend the constitution of Ugbajo Itsekiri USA, Inc.

24. The proposal of Oma Itsekiri Colorado to amend the constitution of Ugbajo Itsekiri USA Inc. was defeated. See the Minutes of September 29, 2014 hereby attached as Exhibit 3 and the proposal marked Exhibit 4.

25. The minutes of September 29, 2014 was adopted in the meeting of September 4-7, 2015 meeting.  See Exhibit 6.

26. In September 2015, the President of Oma Iwere, New York, another regional association, who had quite clearly voted No to the September 29, 2014 Oma Itsekiri Colorado proposal to amend the constitution of Ugbajo Itsekiri USA, Inc.  argued that she abstained from voting which was factually inaccurate.

## LETTER OF PROTESTATION FROM THE PLAINTIFFS AND THE INACTION OF THE DEFENDANTS

27. On March 2, 2016 in a letter written by the President of CMSA, Plaintiff Itsekiri National Association, informed Defendant Ugbajo Itsekiri USA, Inc. that in spite of the change to the number tally after the vote, that it still did not meet the needed number to amend the Ugbajo Itsekiri USA Inc.'s Constitution.  See a copy of the letter attached hereby and marked as Exhibit 5.

28. The relevant portion of Ugbajo Itsekiri USA Inc.'s Constitution is Article XIV.  The quintessential portion of Article XIV is that any amendment of the Ugbajo Itsekiri USA Inc. Constitution must be through the instrumentality of the invocation of the substratum of 2/3 majority votes.

29. Specifically, the Ugbajo Itsekiri USA Inc. Constitution provides in the very relevant Article XIV (3) thus: "The proposal to amend the constitution shall be accepted if adopted by a majority of two thirds of the delegates at the National Convention." See a copy of XIV (3) of Ugbajo Itsekiri USA Inc. Constitution hereby marked as Exhibit 1.

30. On August 26, 2016 in an e-mail communication, the Secretary Mr. Ellis Toju Buwa, in clear disregard of the requirements of the constitution, sent an e-mail to the Plaintiffs and to the other regional associations that the constitution of Ugbajo Itsekiri USA, Inc. has been amended based on the Proposal that failed to pass. See a copy of the mischievously conceived and the surreptitiously smuggled in Amendment based on one region one vote, hereby attached as Exhibit 7.

## SECOND UNLAWFUL AND ILLEGAL AMENDMENT TO THE CONSTITUTION OF UGBAJO ITSEKIRI USA INCORPORATED

31. On March 12, 2016 without the Constitutionally mandated 2/3rd majority needed to change the constitution on Funding in Article VII of the Ugbajo Itsekiri USA, Inc. Constitution, the Defendants attempted to change the funding mechanism of the organization from a monthly fee $10 per member family of the regional associations to a flat fee of $600 using the One delegate vote per region which had failed to pass on August 29, 2014. See Article 14 of the Constitution (Exhibit 1) and March 12, 2016 Pre-Convention Meeting marked Exhibit 8.

THE EFFECTS AND INJURIES TO THE PLAINTIFFS' ATTRIBUTABLE TO THE DEFENDANTS VIOLATION OF ARTICLE XIV (3) OF THE UGBAJO ITSEKIRI USA INCORPORATED CONSTITUTION

32. The unlawful and illegal amendment fundamentally changes the modus operandi and characteristics of the association in the way officers are elected. Regional associations irrespective of their membership size, gets one vote for election of officers who run the affairs of the association including making decisions for and on their behalf and operating their bank accounts

33. The amendment negates the developments and outcome of the proceedings of September 7, 2014.

34. The next Ugbajo Itsekiri convention starts on September 2, 2016.

### FIRST CLAIM FOR RELIEF

VIOLATION OF ARTICLE OF THE UGBAJO ITSEKIRI USA INC. CONSTIUTION

Violation of Article XIV of the Ugbajo Itsekiiri USA Inc., Constitution.

35. The Plaintiffs repeats and re-alleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Specifically, the Ugbajo Itsekiri USA Inc. Constitution provides in the very relevant Article XIV (3) thus: "The proposal to amend the constitution shall be accepted if adopted by a majority of two thirds of the delegates at the National Convention."

37. The Defendants seek to amend the Ugbajo Itsekiri Constitution to give them an advantage in the forth upcoming election for National Officials for the positions of President; Vice President: Secretary; Assistant Secretary: Treasurer: Financial Secretary: Publicity Secretary at the 2016 Ugbajo Itsekiri USA, Inc. Convention commencing on September 2, 2016.

38. The status quo is that each member family had a delegate. So each regional association total number of delegates was equal to the number of the family membership of the respective regional association.

39. In 2014 Oma Itsekiri Colorado submitted a proposal to amend the constitution of Ugbajo Itsekiri. See a copy of the Amendment hereby attached as Exhibit 4.

40. The proposal of Oma Itsekiri Colorado to amend the constitution of Ugbajo Itsekiri USA, Inc. was defeated. See the Minutes of 2014. Exhibit 3.

41. The minutes of the 2014 was adopted in September of 2015. See Exhibit 6.

42. On August 26, 2016 in an e-mail communication from the Secretary, Mr. Ellis Toju Buwa, in clear disregard of the requirements of the constitution sent an e-mail to the Plaintiffs and to the other regional associations that the Constitution of Ugbajo Itsekiri USA, Inc. has been amended based on the Proposal that failed to pass. See Exhibit 7.

43. By reason of the foregoing, the Defendants violated the Constitution of Ugbajo Itsekiri USA Inc.NC and unless restrained and enjoined, will again violate the Constitution of Ugbajo Itsekiri USA Inc.NC as the Defendants are now preparing for a Convention and fresh elections based on the illegally and unlawfully amended constitution.

## **SECOND CLAIM FOR RELIEF**

VIOLATION OF ARTICLE XIV OF THE UGBOJO ITSEKIRI USA INC.

44. The Plaintiffs repeats and re-alleges the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Specifically, the Ugbajo Itsekiri USA Inc. Constitution provides in the very relevant Article XIV (3) thus: "The proposal to amend the constitution shall be accepted if adopted by a majority of two thirds of the delegates at the National Convention."

46. The Defendants seek to amend the Ugbajo Itsekiri Itsekiri USA, Inc. Constitution to give them an advantage in the forth upcoming election for National Officials for the positions of President; Vice President: Secretary; Assistant Secretary: Treasurer: Financial Secretary: Publicity Secretary at the 2016 Ugbajo Itsekiri USA, Inc. Convention commencing on September 2, 2016.

47. The status quo is that each member family had a delegate. So each regional association total number of delegates was equal to the number of the family membership of the respective regional association.

48. In 2014 Oma Itsekiri Colorado submitted a proposal to amend the constitution of Ugbajo Itsekiri USA, Inc. See Exhibit 4.

49. The proposal of Oma Itsekiri Colorado to amend the constitution of Ugbajo Itsekiri USA, Inc. was defeated. See Exhibit 3.

50. The minutes of the 2014 was adopted in September of 2015.

51. On August 26, 2016 in an e-mail communication the Secretary, Mr. Ellis Toju Buwa in clear disregard of the requirements of the constitution sent an e-mail to the Plaintiffs and to the other regional associations that the constitution of Ugbajo Itsekiri has been amended based on the Proposal that failed to pass. See Exhibit 8.

52. On March 12, 2016 without the Constitutionally mandated 2/3rd majority needed to change the constitution on Funding in Article VII of the Ugbajo Itsekiri Constitution, the Defendants attempted to change the funding mechanism of the organization from a monthly fee $10 per member family of the regional associations to a flat fee of $600 using the One delegate vote per region which had failed to pass on August 29, 2014.  See Article 14 of the Constitution (Exhibit 1). See March 12, 2016 Pre-Convention Meeting Exhibit 8.

53. By reason of the foregoing, the Defendants violated the Constitution of Ugbajo Itsekiri USA, Inc.NC and unless restrained and enjoined, will again violate the Constitution of Ugbajo Itsekiri USA, Inc.NC as the Defendants are now preparing for a Convention and fresh elections based on the illegally and unlawfully amended constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for the following relief and judgment from this Court:

1.  A preliminary injunction enjoining the enforcement of the two Amendments by Defendant, its agents and assigns against these Plaintiffs, Ugbajo Itsekiri USA, Inc., any of the constituent regional associations and others similarly situated;

2.  A permanent injunction enjoining the enforcement of the two Amendments by Defendant, its agents and assigns against these Plaintiffs, Ugbajo Itsekiri USA, Inc., any of the constituent regional associations and others similarly situated;

3.  A declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 that the two Amendments on their faces are unconstitutional as they violate the relevant portions of the Ugbajo Itsekiri USA, Inc. Constitution.

4.  A declaratory judgment that the defendants' attempt to amend the Ugbajo Itsekiri USA, Inc. Constitution in violation of the relevant constitutional provision is unlawful, a violation of the Ugbajo Itsekiri USA, Inc. Constitution, illegal, null, void and of no effect whatsoever.

5.  A declaratory judgment that the defendants' attempt to amend the Ugbajo Itsekiri USA, Inc., Constitution in violation of the relevant constitutional provision is arbitrary and capricious, as the Plaintiffs have provided no reasonable explanation for its failure to conform its amendment process with the relevant provision of the Ugbajo Itsekiri USA, Inc. Constitution.

6.  An award of nominal damages in the amount of $1.00 of Plaintiffs' constitutional rights;

7.  An order requiring that Defendants pay all costs, interest, and attorneys' fees as may be incurred with this civil action as allowed by law; and

8.  An order providing such other and further relief as the Court deems just and proper and for the purpose of redressing Plaintiffs' grievances.

        Respectfully submitted,

        OAU LAW GROUP LLC

Dated: 9/2/16        /s/ G. Emeka Onwezi

        _____
        G. Emeka Onwezi, Bar Number 490966
        9500 Arena Drive, Suite 436
        Largo, Maryland 20774
        eonwezi@oaulaw.com